## Jameson *v.* Franklin *et al.*

A party sued as a partner admits the partnership by pleading to the action, instead of denying the partnership on oath, as the statute requires.

Whether a partnership exist or not at the time of an acknowledgement of a debt by one of the partners, is a question of fact for the jury, and it is therefore error to exclude a written acknowledgement from the jury; it should be left to them with instructions.

IN ERROR from the circuit court of the county of Adams.

This was an action of assumpsit by John Jameson against Franklin and Routh, for seven hundred dollars, for work and labor done for them as co-partners. Service was not perfected upon Routh. Franklin appeared and plead the general issue. On the trial, the plaintiff offered in evidence his account, with an indorsement thereon, of a credit for three hundred and twenty two dollars, and a written acknowledgement by Routh, dated November 9, 1840, to the account, that the same was correct and due by the firm of Franklin & Routh, with the exception of the credit on the back thereof.

The counsel for the defendant objected to the reading of this acknowledgement, on the ground that the partnership did not exist at the time the acknowledgement was made by Routh, and introduced a witness to prove, by the declarations of Franklin and others, that the partnership was dissolved in January, 1838. The plaintiff objected to the admission of the testimony, on the ground that the partnership had not been denied on oath by the defendant's plea. But the court sustained the objection. Exceptions taken.

Van Winkle and Potter, for plaintiff in error.

In this cause the court below erred in ruling out the evidence offered by the plaintiff in error to charge the defendants. That

evidence was the written acknowledgement of the defendant Routh, that the balance of the account sued on was "correct and unpaid."

The case presented by the record is this: the plaintiff in error brought his suit against the defendants, Franklin & Routh, partners in trade, to recover from them, as such partners, the balance of an account. The general issue was pleaded, and the existence of the co-partnership was thereby admitted. This admission went to establish the existence of such co-partnership at the date of the account sued on, and a continuance of the co-partnership from that date until the time of issue joined; for the declaration charges the defendants as continuing partners. The evidence was then clearly admissible, as the acknowledgement of a member of an *existing partnership.*

But it is said the co-partnership was dissolved before the date of this acknowledgement by Routh. The proof on that point was clearly inadmissible, because it went to deny the existence of the co-partnership as charged in the declaration, and admitted by the plea.

Suppose the co-partnership was so dissolved; there was no proof that the plaintiff was informed of such dissolution, or that the defendants ever gave notice of the dissolution of their co-partnership.

The plaintiff, then, stands in the attitude of one contracting with the defendants as co-partners, *without notice of the dissolution of the co-partnership.* In such case, if Routh had given the note of Franklin & Routh in payment of this account, both of the defendants would have been bound thereby, under the general law governing commercial co-partnerships.

The question whether, after the dissolution of a co-partnership, one partner can bind the firm by his acknowledgement of an account, does not therefore arise. But even on this point the weight of authority is with the plaintiff.

That one partner, after the partnership is dissolved, may bind his co-partner by such acknowledgement, is the established doctrine in England. Wood *v.* Broddick, 1 Taunt. 104; Lacy *v.* Mc-Neill, (recognized by Story, J. in 1 Gallison, 635,) 4 Dow & Ryl. 13; Perham *v.* Raynall, 9 Moore C. B. Rep., reaffirming doctrine in Whitcomb *v.* Whiting, 2 Doug. 652; Gow. 213–14; in Massa-

chusetts, Cady *v.* Shepherd, 11 Pick. 408; in Maryland, (before notice of dissolution,) Ward *v.* Howell, 5 Har. & John. 60; in Maine, Parker *v.* Merrill, 6 Greenleaf, 410; in Connecticut, Austin *v.* Bostwick, 9 Conn. 496; in Kentucky, (if before notice of dissolution,) Price & Co. *v.* Tousey, 3 Litt. Rep. 423; Walker *v.* Duberry, 1 Marsh, 189; in Tennessee, Winchester *v.* Jackson *et al.* 3 Hayw. 310; in North Carolina, McIntire & Co. *v.* Oliver, 2 N. Car. Rep. 209.

The courts of New York deny the right of one partner to bind the firm in such case, after partnership dissolved, and so in some other states, and the reason given is, that after dissolution of the co-partnership, one partner has no authority to bind his co-partner " by a new contract." But it is clear that even in these states the rule must be limited to cases where the co-partnership is *notoriously dissolved.*

To hold that, after partnership dissolved, one partner cannot bind his co-partner in any case, even though such dissolution has not been duly published, would be to deny an universally admitted principle of mercantile law.

One partner may settle an account against a firm by note after dissolution. 11 Wend. 97.

Baker, for defendant in error.

In this cause the defendants were sued as partners, upon an account for work and labor, &c., done and performed prior to the 15th Dec. 1837; process returned, served as to Franklin, and as to Routh not found. Franklin alone appeared and plead the general issue, by which, it is conceded, the existence of the partnership at the time the debt specified originated, is admitted. If the partnership existed at the time the debt was created, it still continued as to that debt, although a dissolution may have subsequently taken place. And it is a general principle that, until the purpose of finishing and settling the prior concerns and liabilities of the partnership be accomplished, the partnership may be said to continue, although after a dissolution in fact. 17 Serg. & Rawle, 129; Gow. on Part. 212; 3 Kent, 62.

Such being the rule, Franklin, in order to avail himself of his defence set up under the general issue, was not bound to plead the

dissolution specially; and had he so pleaded, the dissolution having occurred subsequently to the creation of the debt, the plea would have been bad on demurrer, or the prior existence of the debt might have been replied.

The only proof offered by the plaintiff in support of his action, was an account for work, &c. upon which was a certificate, dated 9th November, 1840, signed "Francis Routh," certifying that the account was correct and unpaid, except the amount credited on the back of it. The court, therefore, was clearly right in rejecting it as evidence in the cause.

But even admitting the certificate had been proved to be that of Routh, the defendant, was it admissible in evidence after the defendant, Franklin, had proved the dissolution of the partnership about the 1st of January, 1838, nearly two years before the date of the certificate? Certainly not. The *principle* that the acknowledgment of one partner of the dissolution of the firm, although in some of the states it will serve to take the case out of the statute of limitations, will not render the partnership liable, and is not evidence of a *debt* of the partnership, is well settled. 3 John. 536; 15 John. 423; 7 Cow. Rep. 653; 9 Cow. 59; 6 John. 270.

In Virginia the same doctrine obtains; see 3 Munf. 197. Also in Kentucky; see 1 Mar. Rep. 189. In that case the facts were strictly analogous to those of the present. There the plaintiff offered in evidence the certificate of a partner made after the dissolution of the partnership, acknowledging the correctness of the demand of the defendant against the firm, which was admitted by the court below. The court of appeals say, "We are of opinion that the court below *improperly* admitted as evidence" the certificate, and they cite and rely on 3 John. R. 536, and 3 Munf. 197. See Hardin's Rep. 302; 1 Bibb, 285; 3 Bibb, 271.

The supreme court of the United States, in the case of Bell *v.* Morrison *et al.* 1 Pet. 351, hold the same doctrine, fully sustaining the above authorities.

The acknowledgment of a partner, to take the case out of the statute, is a *new* contract, and therefore cannot operate if made after dissolution. Mont. on Part. 125, 127; Wat. on Part. 448; 2 H. Black, 340; 1 Barn. & Ald. 463.

Jameson *v.* Franklin *et al.*

In Pennsylvania it is held that one partner cannot, after the dissolution of the partnership, bind his co-partner by his acknowledgments. 17 Serg. & Rawle, 126; see also 8 Cranch, 72, upon the same point.

The proof of the dissolution was sufficient. The witness stated that he had heard said partnership had been dissolved about the 1st of January, 1838; that he had heard so from one of the defendants and many other persons who were *friends* of the *parties.* No objection was made either to the *competency* or *sufficiency* of this evidence. Taking into consideration the length of time that had elapsed between the dissolution and the date of the certificate, (nearly two years,) and the fact that the defendant, as a creditor of the *firm*, was interested in knowing, and would be very likely to know of the dissolution, the above evidence, uncontradicted, was sufficient to raise a presumption of notice, on the part of the defendant, of dissolution of the partnership.

The case cited by the plaintiff, in 1 Taun. 104, has been expressly overruled in Maryland. 5 Gill. & John. 134–5. The facts of the case from 4 Dow & Ry. 13, are not analogous to those of this case. There the admission was made by a partner *for* and in the *name* of the *rest.* Not so in this case. The rule laid down in the case cited from 11 Pick. 400, does not conflict with that insisted on by defendant in this case. There it was ruled that the confessions of a partner, after dissolution, were only competent, not conclusive, evidence against a co-partner, to support a demand, not barred by the statute of limitations, the debt being *first* proved *aliunde.* In this case no evidence but the confession was offered.

The early English decisions upon this subject have been departed from by the American courts generally, and by the supreme court of the United States, in the case of Bell *v.* Morrison *et al.,* above cited, have been expressly overruled.

*Per curiam.*

The action was brought on an open account for work and labor. To support his action, the plaintiff offered in evidence the account, under which was a written acknowledgment of Routh, one of the defendants, that the account was a just one against the firm of Franklin & Routh. To the introduction of this acknowledgment

Jameson *v.* Franklin *et al.*

the defendant (Franklin) objected, because the partnership had ceased, and the court ruled it out. In doing this, we think the court erred. Whether the partnership had ceased before the giving of the acknowledgment, was a question of fact for the jury; but in ruling it out on that ground, the court in effect undertook to decide the fact in favor of the defendant. If the evidence was inadmissible against Franklin, then the court should have left it to the jury, under a charge to disregard it if they found that the partnership had ceased.

But Franklin had admitted the partnership by pleading to the action. The statute is express that a plea to the action admits the partnership. It can only be denied by plea verified by oath.

The judgment must be reversed and cause remanded.